No. 23-4143; 23-4421

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMIE ELWARD,

Plaintiff-Appellant and Cross-Appellee,

v.

SEALY, INC.,

Defendant-Appellee and Cross-Appellant,

Appeal from the United States District Court
For the Western District of Washington
No. 3:33-cv-05645-BHS

**SEALY'S INC.'S REPLY BRIEF ON CROSS-APPEAL**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

| | |
|---|---|
| Laurence A. Shapero | David L. Schenberg |
| 1201 Third Avenue, Ste. 5150 | 7700 Bonhomme Avenue, Ste. 650 |
| Seattle, Washington 98101 | St. Louis, Missouri 63105 |
| 206.693.7057 | 314.802.3935 |
| laurence.shapero@ogletree.com | david.schenberg@ogletree.com |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ........................................................................................................ 1

    Plaintiff spoliated audio recordings, despite knowing their importance. ........................................................................................................ 1

    Plaintiff's response lacks merit. ........................................................................ 5

CONCLUSION .................................................................................................... 10

CERTIFICATE OF COMPLIANCE FOR BRIEFS .............................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clarke v Office of Att'y Gen.*,
  138 P.3d 144 (Wash. App. 2006) ...................................................... 4, 9

*Glasgow v. Georgia-Pacific Corp.*,
  693 P.2d 708 (Wash. 1985) ............................................................... 4, 9

*Hunters Capital, LLC v. City of Seattle*,
  2023 WL 184208 (W.D. Wash. Jan. 13, 2023) ................................. 3, 4

*Leon v. IDX Sys., Corp.*,
  464 F.3d 951 (9th Cir. 2006) ............................................................. 4, 8

*Meritor v. Sav. Bank v. Vinson*,
  106 S.Ct. 2399 (1986) ............................................................................ 9

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) ................................................................. 4

*Thompson v. Hous. Auth. of L.A.*,
  782 F.2d 829 (9th Cir. 1986) ................................................................. 4

*Youngevity Int'l v. Smith*,
  2020 WL 7048687 (S.D. Cal. July 28, 2020) ........................................ 4

**Other Authorities**

Fed. R. Civ. P. 37(e) ............................................................................. 3, 8

ARGUMENT

Plaintiff spoliated audio recordings, despite knowing their importance.

Plaintiff believed in—and continues to emphasize in this Court—the value of a recorded conversation. Thus, Plaintiff set out to record her supervisor for the purpose of "blackmail[ing]" him or getting him "fired," and waited to report him until after she had multiple recordings. ER-72, 77-78, SER-95. When Plaintiff reported the supervisor to Sealy, she emphasized his comments and that she had recordings of them. ER-84. Plaintiff then sued Sealy for sexual harassment, based mostly on the supervisor's comments, some of which she explicitly alleges she recorded. ER-182, ¶¶2.30-2.39. And, in the very first sentence of her Appellant's Reply/Cross Appeal Third Brief, Plaintiff makes a point of emphasizing that she has audio recordings to support her allegation that the supervisor made sexual comments to her. *See* App. Dkt. 30.1 at 8.

Yet, Plaintiff destroyed most of the recordings she made, altered those she did preserve, and misrepresented the true state of the recordings during this litigation. Plaintiff intentionally deleted the phone app she used to make the recordings. SER-41 ¶12. Plaintiff's counsel assured Sealy on February 2, 2022 that all ESI had been and would be

preserved, when it had not been and was not preserved. SER-47-48, 64. Plaintiff herself testified at deposition that she still had the phone on which she made the recordings, when in fact she did not. SER-47-48, 97. Plaintiff admits she knowingly allowed the phone to be "wiped clean" and "factory reset" on July 5, 2022, after which the phone was completely discarded. SER-47-48 ¶12.f. Plaintiff made a 49-minute recording of a "discussion" with her supervisor (closely corresponding to the length of a November 17, 2021 discussion), but failed to produce any recordings of that length (or totaling close to that length). ER-75-77; SER-50-51 ¶¶23-24; App. Dkt. 30.1 at 47. And as to what was produced, Plaintiff broke one recording into smaller files, and renamed them, and then belatedly produced another recording only after unilaterally removing 11 seconds of it. SER-49-50, 52 ¶¶ 21, 28.

Moreover, none of the information about the destroyed evidence and discarded phone would have come out but for Sealy's insistence on a forensic examination of the phone, which is what prompted Plaintiff to admit she did not actually have the phone she used to make the recordings. SER-46-47, ¶¶11-12.

As a result of Plaintiff's failure to preserve the app, the phone, and the complete recordings, Sealy has only the snippets that Plaintiff self-selected from much longer recordings. The full recordings are irretrievably lost, preventing Sealy from taking advantage of the very value Plaintiff attributes to audio recordings—*i.e.*, the ability to know and show what was actually said to the fullest extent possible. Perhaps the full recordings would have shown Plaintiff's complicity in the sexual talk at work, undermining her claim. Perhaps not. Sealy has no way to know what was on the spoliated recordings (or elsewhere on her discarded phone). What is clear is that—despite a known duty to preserve the evidence—Plaintiff instead failed to preserve the majority of what she recorded, and altered the rest. Without the recordings, and contrary to the very purpose of the duty to preserve and produce evidence, Sealy has nothing but Plaintiff's word as to what was on the lost recordings.

Plaintiff's conduct constitutes spoliation of evidence under FRCP 37(e). *See Hunters Capital, LLC v. City of Seattle*, 2023 WL 184208, at \*5-6 (W.D. Wash. Jan. 13, 2023). And because Plaintiff was on notice of the importance of the recordings she made on her phone, her spoliation is deemed intentional. *Id.* And because of the importance of the

3

comments she recorded, and the context in which they were made, Plaintiff cannot meet her burden of showing an absence of prejudice to Sealy from her spoliation. *See Youngevity Int'l v. Smith*, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020) (citing FRCP 37 advisory committee's note to 2015 amendment to subdivision (e)). Indeed, the context of the comments she relies on for her claim, including whether she actually found them unwelcome, is crucial to that claim. *Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 711-12 (Wash. 1985); *Clarke v Office of Att'y Gen.*, 138 P.3d 144, 154 (Wash. App. 2006). By depriving Sealy of access to that information, Plaintiff thereby prejudiced it (should this case go to trial)—*i.e.* Plaintiff "impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon v. IDX Sys., Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). And because of the undeniable risk of prejudice, as well as the public's interest in expeditious resolution and Plaintiff's repeated misconduct, this case should (in the event summary judgment is reversed) be dismissed as a spoliation sanction. *See Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002); *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Hunters Capital, LLC*, 2023 WL 184208, at *8.

<u>Plaintiff's response lacks merit</u>.

Instead of defending her misconduct, Plaintiff's response brief attempts to distract from that misconduct with a series of red-herrings.

First, instead of accepting the consequences of her actions, Plaintiff attempts to deflect responsibility by claiming (incorrectly) that others did wrong too. App. Dkt. 30.1 at 46. But Sealy's conduct is not at issue and, in any event, Plaintiff's accusations lack merit. None of the cited pages relate to any missing surveillance—they merely repeat Plaintiff's claims about what her supervisor said to her. And to the extent Plaintiff argues about surveillance at the facility, she does so only as to video surveillance. Plaintiff's harassment claim, however, depends almost entirely on what the supervisor *said* to Plaintiff, and there is no allegation that Sealy ever had any audio surveillance whatsoever. Further, Plaintiff cannot show how any video might have strengthened her claim. For example, even assuming a video of Plaintiff and the supervisor in a lengthy, close proximity conversation, that would hardly show the supervisor was making sexual comments, much less that Plaintiff found them unwelcome. Indeed, the point of the sanctions motion is that Plaintiff and her supervisor engaged in a lengthy recorded conversation, that Plaintiff

5

destroyed most of the recording of that lengthy conversation, and that Plaintiff thereby deprived Sealy of evidence that might put a different light on all the alleged conversations. That leaves the allegation of the missing handwritten version of notes taken by HR representative Shannon Holliday, but there is no showing or suggestion that the preserved, typed version contained anything different, nor that anyone knowingly destroyed the handwritten notes (much less after litigation commenced).

Second, Plaintiff tries to downplay the importance of the destroyed recordings (*e.g.*, "very low-sound-quality"), and points out there is no evidence the original would have been relevant. App. Dkt. 30.1 at 47. This misses the point, which is that Sealy now has no way to know what was on the original recordings (whatever their "sound-quality"), including the 49-minute "discussion" Plaintiff admits was recorded but failed to preserve. App. Dkt. 30.1 at 47. Sealy is not supposed to be stuck with Plaintiff's version of events, when there was evidence in Plaintiff's

possession—that she failed to preserve—that might more fully illuminate those events.[1]

Third, Plaintiff says that no other evidence shows that she did not find her supervisor's alleged sexual comments offensive and unwelcome. That, of course, again misses the point—*i.e*, that the destroyed recordings might have supplied exactly that evidence. Further, Plaintiff's statement ignores that there is evidence consistent with the idea that Plaintiff was not actually offended. Plaintiff's own witness swore that the supervisor favored Plaintiff. ER-139. Plaintiff admits she kept almost everything about the supervisor's attentions from her husband. ER-82. And, of course, even after two days of alleged sexual comments, Plaintiff failed to report the conduct immediately, and deliberately subjected herself to more comments with which she could either "blackmail" the supervisor or get him "fired." ER-72, 77-79; SER-95, 107 ¶9.

Fourth, Plaintiff oddly tries to make something of the fact that Sealy's expert originally believed two specific text messages were also lost. Plaintiff does not explain why her admitted spoliation of audio

---

[1] Plaintiff offers no evidence or explanation to support her (incorrect) speculation that Sealy has "demonstrated no interest in seeking a statement from Perez." App. Dkt. 30.1 at 47.

7

evidence is somehow mitigated by the fact that the two specific text messages were located. App. Dkt. 30.1. Indeed, the issue underlines that Sealy *knows* there is missing audio, but it does not know what else was lost when Plaintiff allowed her phone to be wiped and then discarded.

Fifth, Plaintiff's argument about prejudice, based on the District Court's findings, is misplaced. The District Court appears to have concluded there was no prejudice based on the fact that "[Plaintiff's] discovery failings relate to her claim that Perez sexually harassed her, which is not the lynchpin of this case," in that "the case is instead about whether Sealy is liable for [the supervisor's] conduct" which the District Court found in the negative based on Sealy's affirmative defense. ER-22. In other words, the District Court errantly found no prejudice from the spoliation because it was ruling for Sealy anyway, and doing so based on its affirmative defense. But that ignores that "prejudice" under FRCP 37(e) does not turn on the fortuitous fact that Sealy won anyway, but on the fact Plaintiff's actions impaired Sealy's ability to defend itself at any trial. *Leon,* 464 F.3d at 959.

Further, Plaintiff is mistaken when she presumes the District Court found that she had been "sexually harassed" in violation of the

8

statute. The statute does not prohibit all "harassment" in the colloquial sense of the word, or even all harassment with sexual content. *See Meritor v. Sav. Bank v. Vinson*, 106 S.Ct. 2399, 2405 (1986). Thus, the District Court's finding that "there is no real claim that [the supervisor] did not harass" Plaintiff is not a finding that he (or, more importantly, Sealy) is guilty of sexual harassment under the statute, and the District Court engaged in no analysis suggesting such a finding. And to the extent the District Court found harassment, illegal or colloquial, the conclusion appears based on the fact that the supervisor knew what he did "was going to cost him his job." ER-22. Perhaps, but the supervisor may have resigned simply because he knew his sexual comments (whether or not unwelcome by or offensive to Plaintiff) were unacceptable at work, particularly by a man already on a final warning. Violation of the statute requires Plaintiff not only to prove "harassment" so unwelcome and abusive it altered the terms and conditions of her employment, but that she subjectively found that conduct to be offensive and unwelcome. *Glasgow*, 693 P.2d at 711-12; *Clarke*, 138 P.3d at 154. Thus, to the extent the District Court ignored the possibility that the destroyed evidence might have shed a different legal light on the conversations between

9

Plaintiff and the supervisor (in terms of Plaintiff's subjective view of the comments), it was wrong.

Sixth, Plaintiff complains that Sealy is speculating about what might be on the recordings. But that is the whole point. Plaintiff's spoliation has left Sealy (and the District Court and any jury) unable to do anything but speculate about what the unspoliated evidence might have shown.

Litigation has rules. One of those rules is that Plaintiff has a duty to preserve evidence, and produce it. Plaintiff initiated this litigation. But Plaintiff has not played by the rules of litigation, and has knowingly engaged in and allowed the destruction of evidence. Dismissal of Plaintiff's litigation is thus the warranted sanction.

## CONCLUSION

The District Court correctly granted summary judgment in Sealy's favor, and that decision should be affirmed. Plaintiff failed to show *quid pro quo* discrimination, in that there is no evidence her supervisor tried to trade sex for a promotion (or could have). Plaintiff also failed to show that the supervisor's conduct—an arm touch and a few comments—rose to the level of actionable sexual harassment. Even if she could make that

10

showing, Sealy has established an affirmative defense that precludes liability. In the alternative to summary judgment, Sealy has also demonstrated that Plaintiff's spoliation of evidence warrants dismissal.

Accordingly, the judgment in favor of Sealy should be affirmed.

Date: April 10, 2024.

                                  OGLETREE, DEAKINS, NASH,
                                  SMOAK & STEWART, P.C.

                                  s/ *David L. Schenberg*
                                  David L. Schenberg
                                  7700 Bonhomme Avenue, Ste. 650
                                  St. Louis, Missouri 63105
                                  Tel: 314.802.3935
                                  david.schenberg@ogletree.com

                                  Laurence A. Shapero
                                  1201 Third Avenue, Ste. 5150
                                  Seattle, Washington 98101
                                  Tel: 206.693.7057
                                  laurence.shapero@ogletree.com

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s)**
No. 23-4143; 23-4421

I am the attorney.

**This brief contains 2,023 words,** excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief is a **reply brief on cross-appeal** and complies with the word limit of Cir. R. 28.1-1.

**Signature** _s/ *David L. Schenberg*_____
**Date** _April 10, 2024_____